**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DORLETHA LAMBERT                                                    PLAINTIFF
ADC # 719450

v.                                    3:24CV00126-DPM-JTK

DEXTER PAYNE, et al.                                                DEFENDANTS

**ORDER**

 Dorletha Lambert ("Plaintiff") is in custody at the Wrightsville Hawkins Unit of the Arkansas Division of Correction ("ADC").   Plaintiff filed a <u>pro</u> <u>se</u> complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and a Motion to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP Motion") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 1).   Plaintiff's IFP Motion (Doc. No. 1) is DENIED because she has not included a calculation sheet and certificate including all information used by this Court in resolving IFP Motions.

 According to the Prison Litigation Reform Act ("PLRA"), **a prisoner who is allowed to file a civil action <u>in</u> <u>forma</u> <u>pauperis</u> still must pay the full amount of the $350 filing fee.**   <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.   <u>See</u> 28 U.S.C. § 1915A.   **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner.**

 Under the Act, for the Court to determine how the $350 filing fee will be paid, **the prisoner is required to submit a certificate and calculation sheet prepared and signed by an authorized official of the incarcerating facility.   <u>This calculation sheet reflects the deposits</u>**

**and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(a)(2), (b)(1). The prisoner is also required to submit "an affidavit that includes a statement of all assets such prisoner possesses . . . ."   28 U.S.C. § 1915(a)(1).**   The Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Plaintiff provided a document titled calculation of initial payment of filing fee.   (Doc. No. 1 at 3).   The document, however, does not include both the deposits and balances in Plaintiff's account over the past six months—the document includes only Plaintiff's total deposits for the preceding six months and her current account balance.   Pursuant to 28 U.S.C. §1925(b)(1), however, the Court needs both the deposit and balance information in ruling on Plaintiff's IFP Motion.

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is DENIED without prejudice.

2.      Plaintiff must submit either the $405 statutory filing fee or a completed in forma pauperis application, with the required calculation sheet **signed by an authorized official of the incarcerating facility**, within thirty (30) days of the entry date of this Order.[1]   If Plaintiff does not do one or the other, this case may be dismissed without prejudice.

---

[1] Plaintiff is hereby notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which provides, in part: "If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.   Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

3.      The Clerk of the Court is directed send to Plaintiff an <u>in forma pauperis</u> application,

including certificate and calculation sheet.

IT IS SO ORDERED this 31st day of July, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE