# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DORLETHA LAMBERT                                                                           PLAINTIFF
ADC # 719450

v.                                              3:24CV00126-DPM-JTK

DEXTER PAYNE, et al.                                                                     DEFENDANTS

## ORDER

Dorletha Lambert ("Plaintiff") has filed a Motion to Amend Complaint. (Doc. No. 21). Plaintiff's Motion (Doc. No. 21) is DENIED without prejudice for the reasons set out below.

"An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)). When an amended complaint is not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (quoting FED. R. CIV. P. 15(a)(2)). A court should give leave to amend freely where justice so requires. (Id.) (citing FED. R. CIV. P. 15(a)(2)). A plaintiff, however, does not have "an absolute or automatic right to amend." Sorace v. United States, 788 F.3d 758, 767 (8th Cir. 2015) (internal citation omitted). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Wagstaff & Cartmell, LLP v. Lewis, 40 F.4th 830, 841 (8th Cir. 2022) (citing Sherman, 532 F.3d at 715).

In her Motion, Plaintiff says only that she would like to add Wellpath as a party to this lawsuit. But Plaintiff does not provide any detail about the claim she would like to add, and her original Complaint does not contain specific allegations of fact against Wellpath (Doc. No. 2 at 3-5). Granting Plaintiff's Motion at this point would be futile. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983).

Plaintiff may file another motion to amend if she wishes to do so. If Plaintiff wishes to sue Wellpath, she should provide factual allegations that describe her claim. Plaintiff is cautioned that an Amended Complaint would render her original Complaint without legal effect.[1] If Plaintiff elects to amend her Compliant, only claims properly set out in the Amended Complaint will be allowed to proceed, and those claims will be subject to screening under the Prison Litigation Reform Act.

The Clerk of the Court is directed to send Plaintiff a blank 42 U.S.C. § 1983 form.

IT IS SO ORDERED this 5th day of December, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).